

## NUMBER 13-14-00671-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

ROLAND PEREZ,                                                                          Appellant,

v.

THE STATE OF TEXAS,                                                                   Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Perkes
### Memorandum Opinion by Justice Benavides

The State charged appellant, Roland Perez, with aggravated assault, a second-degree felony, *see* TEX. PENAL CODE ANN. § 22.02 (West, Westlaw through Ch. 46 2015 R.S.), related to an incident that took place on January 7, 2013 in Nueces County.   On August 14, 2013, Perez pleaded guilty to the lesser-included offense of deadly conduct,

a third-degree felony, *see id.* § 22.05(b) (West, Westlaw through Ch. 46 2015 R.S.). The trial court deferred adjudication of Perez's guilt and placed him on community supervision for two years with various conditions, including: a $2,500 fine of which $1,750 was suspended if Perez paid $750 within the first year of community supervision; sixty hours of community supervision; anger management classes; and no contact with the victim.

On July 11, 2014, the State filed a motion to revoke Perez's community supervision on grounds that he violated several conditions of his community supervision, including that he failed to: (1) report to his community supervision officer for five consecutive months; (2) pay his fine, his monthly supervision fee, as well as urinalysis and blood analysis fee; (3) satisfactorily participate in the Treatment Alternative to Incarceration Program; and (4) attend anger management classes as directed. Perez pleaded true to all of the allegations in the State's motion to revoke. As a result, the trial court found the grounds to revoke true, revoked Perez's community supervision, and sentenced him to four years in the Texas Department of Criminal Justice—Institutional Division. Perez's court-appointed counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, Perez's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief

2

need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Perez's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Perez's appellate counsel also notified this Court that he (1) notified Perez that he has filed an *Anders* brief and a motion to withdraw; (2) provided Perez with copies of both pleadings; (3) informed Perez of his rights to file a pro se response,[1] review the record preparatory to filing that response, and seek discretionary review if we concluded that the appeal is frivolous; (4) provided Perez with a copy of the appellate record; and (5) informed Perez that the pro se response, if any, should identify for the Court those issues which he believes the Court should consider in deciding whether the case presents any meritorious issues. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20, *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. A reasonable amount of time has passed, and Perez has not filed a pro se brief.

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). A court of appeals has two options when an *Anders* brief and a subsequent pro se response are filed. After reviewing the entire record, it may: (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See id.* at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record. Accordingly, the judgment of the trial court is affirmed.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Perez's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must

4

withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Perez and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
30th day of July, 2015.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.